Elizabeth M. Yeackel & others *vs.* Harvey T. Litchfield.

In the absence of actual fraud, a purchase by an administrator at a sale by him of his
intestate's estate will not be set aside in a suit at law, without repayment of the money
advanced by him; but the remedy is in equity.

Writ of entry to recover possession of a parcel of land in
East Boston.

At the trial in the superior court, before *Lord,* J., without a
jury, the following facts appeared :

Franz Joseph Willhauk, deceased, testate, was the owner of
the demanded premises. Under his will the demandants have
each the fee in one undivided tenth part of the demanded prem-
ises, making four tenths in all, and are entitled to the possession
thereof by this action, unless their right has been defeated by
the proceedings hereinafter set forth.

John M. Schwoerer was duly appointed administrator *de bonis
non* with the will annexed of the estate of Willhauk, and took
upon himself said trust. License was duly granted to Schwoerer
by the probate court to sell the whole of said real estate for the
payment of the debts of the deceased, and due proceedings for
making such sale were had accordingly. Previous to the sale,
Schwoerer asked the tenant to attend the auction, saying that
he wished him (the tenant) to bid for him, and to advance five
or six hundred dollars on the estate, and take the deed of it as
security. To this the tenant assented, attended the auction and
bid upon the estate at the request of the administrator, who
stood by him and from time to time suggested to him to bid.
The tenant bid the sum of $3900, which was the full value of
the estate, which was incumbered by a mortgage of $1500; this
was the highest bid, and the estate was struck off to him. The
administrator made his deed to the tenant, who assumed the
mortgage which was upon the estate, and paid the sum of twelve
hundred dollars at the time, and a short time after paid also the
sum of one hundred and fifty dollars; he has also paid the interest
upon the mortgage; this has all been done upon the agreement

between the parties that when the tenant should be repaid what he advanced he would convey to the administrator. The tenant has held the estate from the time of the sale and has not been repaid the money which he advanced to the administrator. The money which the administrator received he appropriated to the creditors of this testator's estate. The administrator brought an action against the tenant to recover the residue of the sum bid, in which the tenant prevailed on the ground that the sale was illegal.

Upon this state of facts the judge ruled that the action could not be maintained ; and the demandants alleged exceptions.

*G. S. Sullivan*, (*A. Wellington* with him,) for the demandants. The sale was fraudulent. The tenant bid the full value of the estate, but he has not paid it. On the contrary, he has successfully defended a suit to recover a portion of the sum bid by him, on the ground that the transaction was fraudulent. The administrator had no authority to make the bargain with the tenant; and this action may be maintained. *Litchfield* v. *Cudworth*, 15 Pick. 31. *Somes* v. *Skinner*, 16 Mass. 348. *Somes* v. *Brewer*, 2 Pick. 191.

*A. Churchill*, (*H. W. Paine* with him,) for the tenant.

FOSTER, J. This is a writ of entry by a part of the devisees under a will to recover their undivided shares of certain real estate which the tenant purchased at a sale by the administrator with the will annexed, under a license for the payment of debts.

No objection is made to the regularity of the proceedings or the validity of the title acquired by the tenant, except in the following particular. He purchased under a verbal agreement with and for the benefit of the administrator. The amount which he bid was the full value of the estate, but he has paid only a part of the purchase money, and has successfully resisted an action by the administrator for the residue, on the ground of the arrangement or bargain between them. The case must be treated precisely as if the title were in the administrator, and this action had been brought against him to recover an estate, which he had purchased through the intervention of an agent at a sale made by himself in his fiduciary capacity.

The question is, whether in a writ of entry such a sale can be adjudged void where no express fraud is shown, and no repayn.ent has been made or tendered of the purchase money.

The doctrine in equity is perfectly well settled both in England and America that executors and administrators, like trustees, who become buyers at sales made by themselves, acquire only an imperfect title which will always be set aside at the option. of any of the parties interested in the property, on their application within a reasonable time. However free from fraud any particular transaction may be, and however ample may be the price paid, from this rule a court of equity never departs. But such a sale is not absolutely void; it cannot be set aside by a stranger, and it will be confirmed by acquiescence or unreasonable delay to avoid it. The purchase money must be refunded, and even expenditures for repairs and permanent improvements. In short, complete equity must be done between the parties Where the party applying to set aside such a sale does not desire or is not entitled to have a reconveyance, the relief frequently granted is to order the estate put up again at a minimum price, of the sum for which it sold at the first sale. If no one will give more, the first sale is confirmed and the first purchaser held to his bargain; but if an advance is bid, he cannot have the estate. See notes to *Fox* v. *Mackreth*, 1 White & Tudor's Lead. Cas. in Eq. 92; *Davoue* v. *Fanning*, 2 Johns. Ch. 252; *York Buildings Co.* v. *Mackenzie*, 8 Bro. P. C. 42; *Robbins* v. *Bates*, 4 Cush. 104.

This brief view of the principles and procedure of courts of equity in cases like the present shows how impossible it would be to administer any such adequate and complete remedial justice in an action at common law. But it is argued that under our Massachusetts system such purchases have been held void at law. The cases of *Somes* v. *Skinner*, 16 Mass. 348, and *Somes* v. *Brewer*, 2 Pick. 191, related to an express fraud of a very gross character. *Litchfield* v. *Cudworth*, 15 Pick. 31, contains a statement of the doctrine in equity, and the remarks of the judge who delivered the opinion seem favorable to applying it at law; but in that case the conveyance was avoided upon

another and " more fatal objection to the proceedings of **the** administrator."

On the other hand, in *Harrington* v. *Brown*, 5 Pick. 521, it is said, the first objection is " that the conveyance from the administrator to himself is void. No authority to that effect has been cited. It could not be avoided at common law, unless accompanied by fraud. The mere fact of the administrator's being the purchaser does not prove fraud, for he may have purchased for the benefit of all concerned in the estate."

In one or two other instances the subject has been referred to in our reports, but we are aware of no case adjudging that a purchase by an executor, administrator, trustee or other person holding a similar fiduciary capacity, of the estate which he himself sells, can be avoided at law except for actual fraud. Before full equity jurisdiction existed, there were strong motives for granting at law the relief ordinarily obtainable in equity elsewhere, to prevent failure of justice from the imperfection of our jurisprudence. Now that we possess a system of equity, simple, convenient, expeditious and extending to all cases where there is not a plain, adequate and complete remedy at law, there remains no reason for attempting to enlarge the rules of the common law, and to administer imperfectly on that side of the court relief so much more completely and satisfactorily obtainable in equity.

The failure of the demandants in this action does not preclude them from filing a bill in equity.

*Exceptions overruled.*